UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



| | |
|---|---|
| KIMBERLY TARTT, | ] |
| Plaintiff, | ] |
| vs. | ] CV-04-CO-193-S |
| PUBLIX ALABAMA, LLC, | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   INTRODUCTION.

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964. The court has for consideration a motion for partial summary judgment, filed April 30, 2004, by Defendant, Publix Alabama, LLC, (hereinafter, "Publix"). [Doc. 10]. Publix asserts that Plaintiff is judicially estopped from asserting her claim for monetary relief based upon her failure to disclose this action in a recently filed Chapter 13 voluntary petition in the United States Bankruptcy Court for the Northern District of Alabama.

The issues have been briefed and are now ripe for decision. Upon due consideration, and for the reasons set out below, the motion for partial



summary judgment will be granted as to Plaintiff's claim for monetary relief.

II.     STATEMENT OF FACTS.[1]

On September 9, 2003, Plaintiff filed a charge of discrimination against Publix with the Equal Employment Opportunity Commission (hereinafter, "EEOC"). After receiving a "Notice of Right to Sue" letter from the EEOC, Plaintiff initiated this action by filing her complaint on January 30, 2004. Following the commencement of this action, Plaintiff filed a voluntary petition for Chapter 13 bankruptcy in the Bankruptcy Court for the Northern District of Alabama. The bankruptcy petition was filed on April 14, 2004.

On April 30, 2004, Publix filed and served upon Plaintiff's counsel the pending motion for partial summary judgment. Twelve days after Publix's motion was served, Plaintiff amended her petition in the Bankruptcy Court to include a disclosure of this action.

---

[1] In developing the facts for this opinion, the Court considered the facts proposed by the parties in their briefs and the Court's own examination of the record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. See *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. See *Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

III.   DISCUSSION.

Publix argues that Plaintiff is judicially estopped from claiming monetary relief in this case because she failed to disclose its existence on the required filings in her bankruptcy case.  Plaintiff asserts that the doctrine is not applicable to her situation.

"Judicial estoppel is an equitable doctrine invoked at a court's discretion."  *Burnes v. Pemco Aeroplex, Inc.* 291 F.3d 1282, 1285 (11th Cir. 2002) citing *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).  "Under this doctrine, a party is precluded from 'asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.  Judicial estoppel is an equitable concept intended to prevent the perversion of the judicial process.' *Id.*, quoting, 18 James Wm. Moore et al., Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000).  Judicial estoppel is "designed to prevent the parties from making a mockery of justice by inconsistent pleadings." *American Nat'l Bank of Jacksonville v. Federal Dep. Ins. Corp.*, 710 F. 2d 1528, 1536 (11th Cir. 1983).

Before applying the doctrine of judicial estoppel to this case, the court must first determine "that the allegedly inconsistent positions were made

under oath in a prior proceeding [and] [s]econd, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Burnes* at 1285. All of the relevant disclosure forms filed by Plaintiff in her bankruptcy case failed to disclose this action and were all "made under oath." [Ex.'s 1, 2, and 3 Def.'s Evid. Subm.]. Therefore the court must determine whether the failures to disclose were "calculated to make a mockery of the judicial system."

To decide this issue, the court must consider the intent of Plaintiff when she failed to make the appropriate disclosure, for "the doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence." *Burnes* at 1286, citing *American Nat'l*, 710 F.2d at 1536. Intent is to be determined by examining the circumstances of the failure to disclose. As explained in *Burnes*,

> several circuits, in considering the particular issue of judicial estoppel and the omission of assets in a bankruptcy case, have concluded that deliberate or intentional manipulation can be inferred from the record. The Fifth Circuit concluded that, "the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or

has no motive for their concealment."

*Burnes* at 1287 quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999).

"A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court. . . . Full and honest disclosure in a bankruptcy case is 'crucial to the effective functioning of the federal bankruptcy system.'" *Burnes* at 1286, quoting *Ryan Operations G.P. v. Santiam-Midwest Lumber Co. et al.*, 81 F.3d 355, 362 (3d Cir. 1996). Plaintiff filed this action approximately two and one-half months before filing her bankruptcy petition. It is not conceivable that she "lack[ed] knowledge of the undisclosed claims."

Plaintiff impliedly argues that she had no motive to conceal the undisclosed claims because she filed a Chapter 13 as opposed to a Chapter 7 petition. She also points to the amendment of her petition making full disclosure of the pending action, prior to her Chapter 13 plan being confirmed. Plaintiff stresses that in a Chapter 7 proceeding, the creditors receive nothing. [Br. Opp'n]. "However, a financial motive to secret assets

exists under Chapter 13 as well as under Chapter 7 because the hiding of assets affects the amount to be discounted and repaid." *De Leon v. Comcar Industries, Inc.* 321 F.3d 1289, 1291 (11th Cir. 2003). The remaining question is whether Plaintiff's amendment of her Chapter 13 petition prior to confirmation prevents the application of judicial estoppel.

In enumerating the factors to be considered, the Supreme Court included as a factor "whether the party succeeded in persuading a tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was misled." Burnes at 1285, citing *New Hampshire*, 532 U.S. at 750 - 751. However, the Supreme Court cautioned that "[i]n enumerating these factors, [it] [did] not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id*.

The Third Circuit considered a situation where a debtor did amend its petition after notice of the potential application of judicial estoppel but prior to discharge. The debtor unsuccessfully argued that judicial estoppel should not be applied because it, in accordance with the Bankruptcy Rules,

amended its disclosures. *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp*, 337 F.3d 314, 321 (3rd Cir. 2003). *Krystal* concluded that, "[t]he bankruptcy rules were clearly not intended to encourage this kind of inadequate and misleading disclosure by creating an escape hatch debtors can duck into to avoid sanctions for omitting claims once their lack of candor is discovered." *Id*.

The Third Circuit's holding is consistent with *Burnes*. *Burnes* concluded that "[a]llowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them." *Burnes* at 1288.

When the court applies the same logic to the case at hand, Plaintiff cannot be permitted to continue with her claim for monetary relief. Plaintiff knew of her pending action when she failed to make the required disclosures. There has been no evidence submitted in opposition to Publix's Motion for Partial Summary Judgment that indicates that her failure to

disclose the pending action was anything other than an effort to minimize her ultimate payments to the creditors under her Chapter 13 plan. In addition, it was only after she was caught that she disclosed the action to the Bankruptcy Court. Such conduct cannot be tolerated. If permitted, Plaintiff's actions would "make a mockery of the judicial system."

IV.   CONCLUSION.

Publix's motion for partial summary judgment will be granted. Plaintiff's demand for monetary relief is dismissed with prejudice. A separate order in conformity with this opinion will be entered.

Done, this 22nd of July, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE